CASE NO.   06 – 5176

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

     *Plaintiff/Appellee*,

*-v.-*

ROBERT MIDDLETON FRYE,

     *Defendant/Appellant.*

Direct Appeal of Order Detaining Appellant
Pending Trial
Entered in Case No. 02-CR-123-HDC from
The District Court For the Northern District of Oklahoma
Hon. H. Dale Cook, United States District Judge

(NDOK CASE # 02-CR-123-HDC)

## OPENING BRIEF OF APPELLANT

*Stanley D. Monroe, Attorney at Law*
OBA # 6305
15 W. 6th Street, Suite 2112
Tulsa, Oklahoma 74119
918/592-1144

*Attorney for Appellant*

ORAL  ARGUMENT  NOT  REQUESTED

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

      *Plaintiff/Appellee*,

-*v.*-

ROBERT MIDDLETON FRYE,

      *Defendant/Appellant*.

CASE NO.   06 – 5176

(NDOK CASE # 02-CR-123-HDC)

Direct Appeal of Order Detaining Appellant
Pending Sentencing
Entered in Case No. 02-CR-123-HDC from
The District Court For the Northern District of Oklahoma
Hon. H. Dale Cook, United States District Judge

---

## OPENING BRIEF OF APPELLANT

---

Respectfully Prepared and Submitted by

*Stanley D. Monroe, Attorney at Law*

OBA # 6305
15 W. 6th Street, Suite 2112
Tulsa, Oklahoma 74119
918/592-1144

*Attorney for Appellant*

# TABLE OF CONTENTS

Table Of Contents ........................................................................ 3

Table Of Authorities ................................................................... 4

References In This Brief .............................................................. 5

Prior Or Related Appeals ............................................................ 5

Certification Required By Tenth Circuit Rule 46.1.3 ................... 5

Statement Of The Case................................................................ 6

Statement Of Facts ..................................................................... 7

Proposition I: The District Court Erred By Granting The Government's
Motion To Revoke Release Order Of Magistrate.......................... 11

Standard Of Review .................................................................... 11
Argument..................................................................................... 12

Conclusion .................................................................................. 15

Relief Requested ......................................................................... 15

Statement Regarding Oral Argument........................................... 16

Word Count In This Brief ............................................................ 16

Certification Of Conformity Of Privacy Policy And Of Email Brief And
Virus Protection .......................................................................... 17

Certificate Of Service.................................................................. 17

## TABLE OF AUTHORITIES

**CASES**

*Stack v. Boyle*, 342 U.S. 1 (1951) ..................................................................13

*U.S. v. Kinslow*, 105 F.3d 555 (10th Cir. 1997) .............................................11

*U.S. v. Orta*, 760 F. 2d 887 (8th Cir. 1985)...................................................13

*U.S. v. Spillane*, 913 F. 2d 1079 (4th Cir. 1990) ...........................................14

*U.S. v. Strickland*, 932 F. 2d 1353 (10th Cir. 1991) ......................................12

**STATUTES**

18 U.S.C. § 3142.........................................................................................13

18 U.S.C. § 3145.........................................................................................13

# I.

## REFERENCES IN THIS BRIEF

References in this brief to relevant materials will indicate the page number of the actual document referenced and the page(s) in Appellant's Appendix where the referenced material appears. Where necessary, entries on the District Court's docket will be indicated by "(Docket # ___)." There are no transcript references, since there was no hearing held on this issue.

# II.

## PRIOR OR RELATED APPEALS

There are no related or prior appeals.

# III.

## CERTIFICATION REQUIRED
## BY TENTH CIRCUIT RULE 46.1.3

The undersigned certifies that the following parties or attorneys are now, or have been, interested in this litigation or any related proceedings. These representations are made to enable Judges of the Court to evaluate the possible need for disqualification or recusal.

Robert Middleton Frye, Appellant.

Stanley D. Monroe, Attorney for Appellant

Lucy Roberts, Assistant United States Attorney

The Honorable H. Dale Cook, United States District Judge

## IV.

## STATEMENT OF THE CASE

Appellant Robert Middleton Frye ["Mr. Frye"] appeals to this Court from an order entered on August 23, 2006, detaining him pending trial, which is scheduled October 2, 2006.  No *de novo* hearing was held, but the District Court made factual findings resulting in Mr. Frye's detention based upon a review of a transcript.

The Indictment in this case charges Mr. Frye in Counts One through Eighteen with violation of Title 18 U.S.C. § 1343 (Wire Fraud), Counts Nineteen through Twenty eight with violation of 18 U.S.C. § 1341 (Mail Fraud) and Counts Twenty Nine and Thirty with violation of Title 18 U.S.C. § 1344 (Bank Fraud).  Mr. Frye entered a plea of not guilty and trial is scheduled as stated above.

## V.

## ISSUE PRESENTED FOR
## APPELLATE REVIEW

The sole issue presented for appellate review is as follows, to-wit:

1.    The Trial Court erred by granting the Government's Motion to Revoke Conditions of Release.

## VI.

## STATEMENT OF FACTS

Mr. Frye was formerly employed with Circle International, Inc., a shipping and storage business, at the Tulsa, Oklahoma facility, The indictment alleges that Mr. Frye created a fictitious company by the name of Mid-American Transport, which he allegedly used to defraud his employer. Each of the mail and wire fraud counts charge a separate alleged bogus invoice or check generated by those invoices. The total amount of money allegedly involved on those counts is approximately $50,000.

At the detention hearing held before the Magistrate Judge, the Government presented the testimony of ATF Agent Magalassi, who testified that he was initially assigned to investigate the case due to a fire which occurred at the facility in March, 1999. In the course of his investigation into the fire, he had contact with the Appellant. He testified that he spoke with Mr. Frye in February, 2001, and that he "invoked his right to counsel in our interview . . ." (Tr. pg. 13) He further stated that he informed Mr. Frye "that he should stay in town, that there would be hopefully an indictment forthcoming . . ." (*Id*.) The subject indictment wasn't returned until September 6, 2002, more than 19 months after the referenced interview.

Mr. Magalassi then described some other state criminal charges which were pending against Mr. Frye during that time frame.  He testified about his attempts to locate Mr. Frye following the return of the indictment in this case.  He stated that he spoke with the Appellant's brother and father, and that he "used every resource I had available" and referred the case to the United States Marshall's office.  (Tr. pg. 20).

The witness testified that Mr. Frye was arrested at the Toronto, Canada airport on June 18, 2006, having flown from Mexico City.

On cross-examination, he stated that the warrant and indictment were sealed.  He stated that Mr. Frye waived extradition to the United States from Canada.

The Government's next witness was Deputy U.S. Marshall Will Kinnebrew, who testified that he was aware that former Deputy Marshall Huke was asked to assist Agent Magalissi in locating Mr. Frye in 2004.  He testified that Deputy Huke continued, unsuccessfully, to locate Mr. Frye until he transferred to another district in the latter part of 2005.

Appellant submitted some exhibits by proffer, without objection from the Government, that attorney Jeff Martin had been retained by Appellant's father to attempt to ascertain whether a warrant was outstanding for his son, resulting in him not being able to locate any such warrants; that Natalie

Bobyk had arranged to meet Appellant at the Toronto airport and was going to drive him to New Jersey; and that Appellant's mother in New Jersey had obtained medical insurance for him to obtain treatment.

Appellant's father testified that he was divorced from Appellant's mother, who was now residing in New Jersey.   He stated that Appellant's arrest in Cleveland County in the late 1990's occurred while Appellant was attending the University of Oklahoma, and that he retained a local attorney, who was subsequently disbarred.  He testified that, "we thought the charges had disappeared."  (Tr. pg. 38)

He stated that he subsequently spoke by telephone with Agent Magalassi, and upon learning that there were outstanding warrants in Cleveland County, he hired attorney Jeff Martin in 2001 to represent Appellant, "to address the charges and deal with them and get them handled."  (Tr. pg. 39)

The witness testified that he had some subsequent phone conversations with Agent Magalassi, and "he said there were charges against my son."  (Tr. pg. 41)  Thereafter, he engaged Mr. Martin to attempt to "find out if they're (sic) charges against my son . . . and he could not find any charges against my son at that time."  (*Id.*)

He further testified that in August, 2005, he learned that Appellant had been attacked in Mexico, while he was operating a pizza restaurant. The witness flew to Mexico to speak with the neurosurgeon and learned that "he was in bad shape." (Tr. pg. 43) The doctors advised against Appellant traveling for a period of time. He subsequently spoke with his ex-wife about getting some medical insurance for Appellant so he could return to the United States and get help. Ms. Bobyk, Appellant's girlfriend, had arranged to meet Appellant in Toronto, and drive him to New Jersey where he would receive medical care.

The witness offered to act as third party custodian for Appellant, pending trial.

On cross-examination, the witness stated that he has resided in the Tulsa area since 1984, except for a brief time that he worked in Kansas City. He testified that he remembered speaking with Agent Magalassi in February, 2003, and told him that his son "had moved back and forth from Mexico to New York several times while he was in school." (Tr. pg. 50) He stated that at the time, he did not clearly understand that Agent Magalassi was a federal agent.

He further testified that he "didn't stay in contact that often with [his] son for awhile because he was living with his mom and a boyfriend for awhile and I just avoided that." (Tr. pg. 56)

The Government re-called Agent Magalassi as a rebuttal witness. He stated that he called Mr. Randy Frye in February, 2006, to inquire about Robert Frye's whereabouts.

Mr. Randy Frye was briefly re-called, and he testified that he had undergone knee surgery in February, 2006, and said, "if he called me I sure don't remember it." (Tr. pg. 64)

## PROPOSITION I.

### THE DISTRICT COURT ERRED BY GRANTING THE GOVERNMENT'S MOTION TO REVOKE RELEASE ORDER OF MAGISTRATE

#### Standard of Review

In *U.S. v. Kinslow*, 105 F.3d 555 (10th Cir. 1997) this Court stated that with mixed questions of law and fact, the appropriate standard of review is *de novo* review, while accepting the district court's findings of historical fact under the clearly erroneous standard. Also see, *U.S. v. Strickland*, 932 F. 2d 1353 (10th Cir. 1991).

## Argument

The District Court made findings of fact and conclusions of law that Mr. Frye be detained pending trial, contrary to the findings of the magistrate judge. Mr. Frye does not dispute that he had a hearing before the United States Magistrate Judge, during which he was able to cross-examine the Government's witnesses, and to present evidence.  However, the district court's *de novo* review of the same evidence heard by the magistrate judge reaches findings wholly unsupported by the evidence.

The court must consider the conditions of release before detention is ordered.  *U.S. v. Orta*, 760 F. 2d 887 (8th Cir. 1985).  Even though the Government bore the burden of proof, Mr. Frye presented substantial evidence that he was not a flight risk, and further demonstrated that exceptional circumstances existed, which justified his release. See 18 U.S.C. § 3145.  The magistrate judge in this case found that conditions existed which would entitle Mr. Frye to be released.  There is a presumption in favor of release.  18 U.S.C. § 3142; *Stack v. Boyle*, 342 U.S. 1 (1951).

The order of the district court contained language that the Appellant was a "fugitive from justice."  (Order, pgs. 4, 5, and 7).  Appellant takes issue with that conclusion.  In the case of *U.S. v. Spillane*, 913 F. 2d 1079 (4th Cir. 1990), the Court concluded that a fugitive from justice is one who

leaves a jurisdiction <u>knowing</u> that charges were pending against him.  In this case, the only evidence about "charges" directly related to Mr. Frye was a comment by Agent Magalassi in February, 2001, that he "should stay in town" and "hopefully" an indictment might be forthcoming.  (Tr. pg. 13) It was more than a year and a half before the instant indictment was brought, and that remained under seal until Appellant's arrest in Toronto, Canada in June, 2006.

There was no evidence offered, or any inferences made that Appellant had actual knowledge of the pending indictment in this case.  Quite to the contrary, Mr. Frye's father retained an attorney to attempt to verify the fact that there was, in fact, an outstanding charge.  Therefore, an attempt to label Mr. Frye as a "fugitive from justice" is wholly unsupported by the evidence.

The trial court also made a finding that Appellant "was charged with committing other state offenses during the time that he was a fugitive  . . ." (Order, pg. 5).  The record does not support that finding either.  The only evidence presented was that Appellant was charged with some offenses between 1997 – 2000, but no evidence was offered that Appellant was charged with any other offenses after the sealed indictment was returned in this case.

Further, the district court opined that Mr. Randy Frye was not a suitable third-party custodian, due to the fact that he had gone for periods of time without having contact with Appellant. Mr. Randy Frye explained that to the satisfaction of the Magistrate Judge. (See pg. 56, transcript)

The district court also made a statement that "the defendant may have been hospitalized for sustaining an injury to his head . . . [and his] potential mental instability supports government's request for pretrial detention." (Order, pg. 6) In the first place, there was no dispute that Mr. Frye sustained a serious head injury. The magistrate judge observed evidence of the injury. (Tr. pg. 58) Secondly, the contention that Appellant is mentally unstable, which was apparently based upon a statement of counsel that he was "suffering from some psychological difficulties," does not equate to "mental instability." That point was made to drive home the fact that detention was not appropriate.

Before the Court is a young man being detained upon fraud charges involving less than $50,000. Although there are a considerable number of charges pending, his actual potential sentence under the Guidelines is relatively light. There was no evidence offered that Appellant was aware of the pending indictment until his arrest in June, 2006. While an ATF agent may tell a suspect to "stay in town," it defies logic to conclude that an

indictment returned more than a year and a half later precipitated Mr. Frye's decision to move away.  Appellant's mother had moved to New Jersey, and he went to visit her there, but the agent never attempted to speak with her. There was no evidence that Appellant ever used any aliases, and throughout the time in question, he was gainfully employed in Mexico, running a pizza restaurant, with plans to open a second restaurant before he was brutally attacked.  At the time of his arrest, he was actually in the process of traveling with his girlfriend to return to the United States and obtain medical treatment.  The Government's reliance upon old outstanding warrants in Cleveland County, Oklahoma was misplaced, since Appellant and his father hired counsel and legitimately believed that they were "handled." Simply put, he was not a flight risk, but even if he could be characterized as such, then the conditions of release proposed by the magistrate judge more than adequately would ensure his appearance.

## CONCLUSION

Mr. Frye has established that error occurred by the trial court's granting of the Government's Motion to Revoke Order of Release.

## VII.

## RELIEF REQUESTED

WHEREFORE, Mr. Frye respectfully requests that the Court this Court to reverse this case and order his immediate release upon the conditions imposed buy the Magistrate Judge.

## VIII.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument in this case as the matter may be decided without the benefit of oral presentation.

Respectfully submitted,

*/s/ Stanley D. Monroe*
Stanley D. Monroe, Attorney at Law
OBA #6305
15 W. 6th Street, Suite 2112
Tulsa, OK 74119
918/592-1144

Attorney for Mr. Frye

## WORD COUNT IN THIS BRIEF

Using Microsoft Word X for Mac, the Appellant has determined that this brief contains 2,763 words, and is below this Court's word limit of 14,000 words.

*s/Stanley D. Monroe*
Stanley D. Monroe

## CERTIFICATION OF CONFORMITY
## OF PRIVACY POLICY AND OF
## EMAIL BRIEF AND VIRUS
## PROTECTION

The undersigned hereby certifies that all required privacy redactions have been made, and with the exception of these redactions, the copy that was electronically transmitted to the Clerk on September __, 2006, was identical to the hard copy of the brief filed the same day, and that this office uses Macintosh O.S.X.3.8, which has been certified by Apple Computers, Inc. to be free from any virus.

*s/Stanley D. Monroe*
Stanley D. Monroe

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2006, I mailed or delivered a true and correct copy of this brief as follows:

Lucy Roberts and Charles McLoughlin, AUSA
110 W. 7th St., Ste 300
Tulsa, OK 74119

*s/Stanley D. Monroe*
Stanley D. Monroe

17