CASE NO.  06-5176

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,
Plaintiff/Appellee,

v.

ROBERT MIDDLETON FRYE,
Defendant/Appellant.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
District Court Case No.  02-CR-123-HDC

HONORABLE UNITED STATES DISTRICT JUDGE
H. DALE COOK
_____

UNITED STATES  MEMORANDUM  RESPONSE TO OPENING
BRIEF OF APPELLANT

ORAL ARGUMENT IS NOT REQUESTED

THERE ARE 6 DIGITAL PDF FILE ATTACHMENTS TO THIS BRIEF
_____

DAVID E. O'MEILIA
United States Attorney
Northern District of Oklahoma

Charles M. McLoughlin, OBA #6052
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, OK  74119-1013
charles.mcloughlin@usdoj.gov
918.382.2700

October 6, 2006

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF PRIOR RELATED APPEALS . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  Whether the trial court erred by granting the Appellee's Motion for Revocation
  of Release Order.

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

  STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

  DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF DIGITAL SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996). . . . . . . . . 5

*United States v. Cisneros*, 328  F.3d 1353 at 1355 (10th Cir. 1991). . . . . . . . . . . 4, 6

*United States v. Seminole Nation of Okla.,* 321 F.3d 939, 943 (10th Cir. 2002).  . . 5

## FEDERAL STATUTES

18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

18 U.S.C. § 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U. S.C. § 1344 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3141 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3142 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7

18 U.S.C. § 3143 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6,

18 U.S.C. § 3145. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

## FEDERAL RULES AND AUTHORITIES

Fed. R. App. P.9. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff/Appellee** | ) | **Tenth Circuit No. 06-5176** |
| | ) | |
| **v.** | ) | **District Court No. 02-CR-123-HDC** |
| | ) | |
| **ROBERT MIDDLETON FRYE,** | ) | |
| **Defendant/Appellant** | ) | |

## UNITED STATES' MEMORANDUM RESPONSE TO OPENING BRIEF OF APPELLANT

The United States submits that this appeal is moot and should be dismissed.

## STATEMENT OF PRIOR APPEALS

There are no prior related  appeals in the present case.

## STATEMENT OF THE ISSUE

The sole issue presented for appellate review is as follows, to wit:

1.      Whether the trial court erred by granting the Appellee's Motion for

Revocation of Release Order.

## STATEMENT OF THE CASE

Appellant Robert Middleton Frye ("Frye" ) appealed to this Court from an order

entered on August 23, 2006, detaining him pending trial scheduled  October 2, 2006.

However, on September 15, 2006, Frye changed his plea to guilty and is now awaiting

sentencing on December 13, 2006.  Frye remains detained, although Frey's counsel did not revisit the issue with the Court at the change of plea hearing or thereafter. No *de novo* hearing was held, but the district court made factual findings resulting in Frye's detention based upon a review of a transcript and briefs filed by the parties.

The Indictment in this case charges Frye in Counts One through 18 with violation of Title 18 U.S.C. § 1343 (Wire Fraud), counts 19 through 28 with violation of 18 U.S.C. § 1341 (Mail Fraud) and Counts 29 and 30 with violation of Title 18 U.S.C. § 1344 (Bank Fraud).

## PROCEDURAL HISTORY

On September 6, 2002, Robert Middleton Frye ("Frye") was charged in a 30 Count sealed indictment alleging violations of federal law.  (Doc. 1)  Counts One through Eighteen charged Frye with violations of 18 U.S.C. § 1343 (Wire Fraud); Counts Nineteen through Twenty Eight with violations of 18 U.S.C. § 1341 (Mail Fraud); and Counts Twenty Nine through Thirty with violations of 18 U.S.C. 1344 (Bank Fraud)  An arrest warrant was issued the same day.  (Doc. 2)

Almost four years later, on August 9, 2006, the United States moved to detain Frye.  (Doc. 5)  After a hearing, the magistrate denied the government's motion and ordered Frye be released with conditions.  (Doc. 9)  The government gave oral notice of appeal to the district court and Frye was detained pending outcome of the appeal.

The district court reversed the magistrate's decision and ordered Frye be detained pending trial. (Doc. 14; Attach. A)  Frye appealed the decision to the Tenth Circuit Court of Appeals on August 31, 2006. (Doc. 17)  On September 13, 2006, Frye signed a plea agreement. (Doc. 22-3; Attach. D)  On September 15, 2006, Frye changed his plea from not guilty to guilty before a magistrate and waived his right to a trial by jury. (Doc. 22; Attach. B, C, D, E, F)

## STATEMENT OF FACTS

On appeal from the magistrate's order, the district court found the evidence weighed significantly against Frye. (Doc.14, at 6; Attach. A) The charges in the indictment demonstrate that Frye lacked good character. (Doc. 14, at 6: Attach. A)

The district court found additional evidence of the lack of good character by way of an arrest for obstructing police and failing to identify fugitive from justice, an outstanding Texas arrest warrant for possession of a prohibited weapon, three other outstanding arrest warrants of which two were for failure to appear in felony cases, a Florida warrant for grand theft and an arrest at the Los Angeles, California, airport based up the Florida warrants. (Doc. 14, at 6; Attach. A)  His alleged injury also weighed in favor of pretrial detention since his attorney admitted that he "may be in need of medical or psychological attention." (Doc.14, at 6: Attach. A.)  Nor does Frye have strong family ties.  His father admitted to being unaware of his son's location for

the previous four years. (Doc. 14, at 7: Attach. A) His father only saw him on two occasions during this time period: (1) 2002 Miss America Pageant in New York, and (2) Mexico in August of 2005.  Frye has been a transient for the last four years not engaging in any steady or regular employment while living in Mexico.  The defendant was in Canada at the time of his arrest in this cause of action on August 4, 2006, and has not exhibited any ties to a community or a particular residence.  (Dec. 14, at 7; Attach. A).  The district court also found that "the fact that the defendant has been a fugitive from justice for four years after being advised by Agent Magalassi of the pending issuance of an indictment, is *clear evidence* that the defendant's past conduct supports government's request for pretrial detention."  (Doc. 14, at 7; Attachment A) (emphasis added).  Lastly, Frye's record of outstanding arrest warrants supported the government's motion for pretrial detention (Doc. 14, at 7; Attach. A).

## ARGUMENT

### Standard of Review

This Court applies de novo review to mixed questions of law and fact concerning the detention or release decision, but accepts the district court's findings of historical fact which support that decision unless they are clearly erroneous.  *U.S. v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

## Discussion

Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir.1996). Federal courts may adjudicate only actual controversies; as such a claim or appeal should be dismissed as moot when the controversy ceases to exist. *United States v. Seminole Nation of Okla.,* 321 F.3d 939, 943 (10th Cir.2002).  In the instant case, there is no actual controversy.

Rule 9 of the Federal Rules of Appellate Procedure governs the procedure by which a criminal defendant may appeal an order of detention prior to or after judgment or conviction.  Frye appealed the order of detention prior to trial.  However, he has subsequently entered into a plea agreement, consented to proceed before a magistrate judge for a change of plea in a felony case, and changed his plea from not guilty to guilty before a magistrate judge and waived his right to a trial by jury (Doc. 22-24, Attach. B-E). The guilty plea was entered at the hearing and sentencing has been set for December 13, 2006.  (Doc. 22; Attachment B).  These actions have effectively made his claim moot.

18 U.S.C. § 3143(a) requires that Frye be detained.  Rule 9( c) states that "the court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145 ( c)."  Since Frye is no longer

pending trial, 18 U.S.C. 3142 is inapplicable.  18 U.S.C. § 3143(a) states as follows:

> (1) Except as provided in paragraph (2), the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . *be detained*, unless the judicial officer finds by *clear and convincing evidence* that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or ( c).  (emphasis added).

The magistrate judge held the detention hearing under 18 U.S.C. § 3142(f), which provided, "The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection ( c ) of this section will reasonably assure the appearance of such person."  The government bore the burden of proof by a preponderance of the evidence that Frye was a flight risk.  *See United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).  The government met that burden.  In the pretrial detention hearing, the magistrate judge stated, "I think this young man is a flight risk…" (Doc. 9, at 70) (Aplt. App., at 61).  The district court upheld that determination and further found that no conditions would secure his presence.    Therefore, since  both judicial officers have found that Frye is a flight risk, and have not found otherwise by clear and convincing evidence, then pursuant to 18 U.S.C. § 3143, he must be detained.

## CONCLUSION

For the reasons stated above, this Court should affirm the district court's ruling.


## STATEMENT REGARDING ORAL ARGUMENT

The United States does not request oral argument.


Respectfully submitted,

DAVID E. O'MEILIA
United States Attorney



*s/Charles M. McLoughlin*
Charles McLoughlin, OBA#6052
Assistant United States Attorney
110 West Seventh Street – Suite 300
Tulsa, OK  74119-1013
918-382-2700
charles.mcloughlin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, I mailed two true and correct copies of the foregoing Memorandum Response to Opening Brief of Appellant, with proper postage prepaid, and sent a copy by electronic mail in PDF format to the following:  Stanley D. Monroe,  15 West Sixth Street, Suite 2112,  Tulsa, OK 74119

*s/Charles M. McLoughlin*
Charles McLoughlin, OBA#6052
Assistant United States Attorney

## CERTIFICATE OF DIGITAL SUBMISSIONS

I certify that all required privacy redactions have been made, and, with the exception of those redactions, every document submitted in digital from or scanned PDF format is an exact copy of the written document filed with the Clerk.

I also certify that the digital submissions have been scanned for viruses with the most recent version of a commercial virus-scanning program, Trend Micro OfficeScan Client for Windows 2003/XP/2000/NT, Version 6.5.  I further certify that according to the commercial virus-scanning program, these digital submissions are free of viruses.

*s/Charles M. McLoughlin*
Charles McLoughlin, OBA#6052
Assistant United States Attorney

# ATTACHMENT S

Attachment A:      Document 14, Order Granting Government's Motion for Revocation of Release, filed 8/23/2006

Attachment B:      Document 22-1, Minute Sheet - Change of Plea, filed 09/15/2006

Attachment C:      Document, 22-2, Petition to Enter Plea of Guilty and Order Entering Plea, filed 09/15/2006

Attachment D:      Document 22-3, Plea Agreement, filed 09/15/2006

Attachment E.      Document 23, Consent to Proceed Before a Magistrate Judge For a Change of Plea in Felony Case, filed 09/15/2006

Attachment F.      Document 24, Waiver of Jury

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  02-CR-123-HDC |
| | ) | |
| ROBERT MIDDLETON FRYE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

Before the Court is the government's Motion For Revocation of Release Order filed on August 16, 2006, pursuant to 18 U.S.C. § 3145(a).  [Dkt.#11].  The government filed a Notice of Appeal [Dkt #10] and seeks revocation of the release order issued by Magistrate Judge Joyner on August 15, 2006.

At the hearing on August 15, 2006, the government moved for detention under 18 U.S.C. § 3142(g) arguing that there is a serious risk that the defendant will flee and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required under 18 U.S.C. § 3142(e).  The pretrial service report also recommended detention.  The Magistrate determined that the defendant was a flight risk, but ordered his release pending trial on the conditions that he remain in the custody of his father, post a ten-percent bond for $75,000 and be subject to electronic monitoring.

## APPLICABLE LAW

The Magistrate held the detention hearing under 18 U.S.C. § 3142(f), which provided, "The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person."

The government bears the burden of proof by a preponderance of the evidence that the defendant is a flight risk.  United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003).   Under § 3142(g), in determining whether there are conditions of release that will reasonably assure the appearance of the person as required, the judicial officer must consider, among others:

(1) The nature and circumstances of the offense charged.

(2) The weight of the evidence against the person.

(3) The history and characteristics of the person including:

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearances at court proceedings, and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law.

The Court is to conduct a  de novo standard of review.  Cisneros, 328 F.3d at 616.   In Cisneros, the Tenth Circuit explained that:

The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo.  When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de

2

novo and must make an independent determination of the proper pretrial detention
or conditions for release.

*Id.* at 616 n.1 (internal citations and quotations omitted) (quoting United States v. Rueben, 974 F.2d

580, 585-86 (5th Cir. 1992) and citing United States v. Maull, 773 F.2d 1479, 1481 (8th Cir.1985)

(en banc)). The Court has conducted a de novo review of the transcript of the hearing before the

Magistrate, in which both parties presented the testimony of witnesses and exhibits, and in addition,

after due consideration of the briefs, arguments of counsel and applicable law, the Court finds and

concludes as follows.

## FINDINGS AND CONCLUSIONS

### The nature and circumstances of the offense

A sealed Indictment against the defendant in this case was handed down by a federal grand

jury charging the defendant with thirty counts of Wire Fraud in violation of 18 U.S.C. § 1343, Mail

Fraud in violation of 18 U.S.C. § 1341 and Bank Fraud in violation of 18 U.S.C. § 1344 and Aiding

and Abetting in violation of 18 U.S.C. § 2. The Indictment (which subsequently was unsealed)

charges that from on or about September 1, 1998 to on or about March 31, 1999, the defendant

knowingly and intentionally devised a scheme and artifice to defraud Circle International, Inc. of

San Francisco, California by defendant creating a fictitious company to defraud the company of a

sum exceeding $ 47,000; and a scheme and artifice to defraud NationsBank by defendant creating

an artificially inflated account to defraud through withdraws on insufficient funds. As to Counts

1 through 30, the combined total maximum term of imprisonment the defendant is facing is 170

years, and/or a maximum fine not to exceed 9 million dollars.

The sealed Indictment was returned by the grand jury on September 6, 2002 and an arrest

warrant was issued against the defendant on that same day. The record shows that the defendant has

3

been a fugitive from justice until his arrest on August 9, 2006.  At the hearing, the government

offered the testimony of Special Agent Billy Magalassi, a certified fire investigator and a certified

explosives specialist with the Bureau of Alcohol Tobacco Firearms and Explosives (ATF).  Agent

Magalassi was contacted on March 6, 1999, by the Tulsa Fire Department to assist in an arson

investigation of a large fire occurring at Circle International's local warehouse located at 106th East

Avenue in Tulsa. At that time in 1999, the defendant was an employee of Circle International

warehouse and was interviewed by Agent Magalassi in the routine course of his investigation.  At

the onset of  the investigation, the defendant was suspected of embezzlement from Circle

Intentional.  Following the initial investigation, it took law enforcement several months, until

February 5, 2001,  to locate the defendant to officially interview him as a suspect in the fire and the

embezzlement at Circle International.  From the date of the fire in March 1999, until February 2001

when the defendant was  again interviewed by Agent Magalassi, the defendant had traveled to

Puerto Vallarta, Mexico; Panama City, Florida; and Princeton, New Jersey.  At the time Agent

Magalassi interviewed the defendant in Tulsa on February 5, 2001, there was pending against the

defendant an outstanding warrant for grand theft out of Panama City, Florida.

  During the interview on February 5, 2001, the defendant invoked his right to counsel, so

Agent Magalassi stopped the interview.  Agent Magalassi advised the defendant that the government

intended to file charges against him, and he was advised to remain in Tulsa. The defendant

represented to Agent Magalassi that he would remain in Tulsa and work for his father.  Further at

the time of the interview on February 5, 2001, the defendant had an outstanding warrant out of

Cleveland County, Oklahoma for possession of a credit care belonging to another.  On February 15,

2001, Agent Magalassi determined that the defendant had not resolved the outstanding warrant in

4

Cleveland County and upon arriving at the ATF Office in Tulsa, the defendant was arrested by the Tulsa Police Department on the warrants out of Cleveland County.

The evidence is that when the arrest warrant was issued in this case on September 9, 2002, Agent Magalassi tried to contact the defendant's father Robert Frye on at least three occasions in an effort to locate the defendant. Agent Magalassi testified the defendant's father told him that he either did not know where his son was located or that he may be located in New York. The defendant's father, Robert Frye, testified that Agent Magalassi failed to make it clear to him that he was attempting to locate his son because of the outstanding federal arrest warrant. Agent Magalassi testified that he contacted the defendant's father regarding the outstanding  federal warrant on at least three occasions. Because of Robert Frye's apparent inability to keep tract of his son, the defendant, the Court finds that Robert Frye is not a dependable source to be a third party custodian of the defendant as found by the Magistrate.

As to the first factor under § 3142(g) regarding the nature and the circumstance of the offense, the Court finds that the defendant is charged with very serious offenses. The nature of these charges involve dishonesty, fraud and deception. The defendant is also facing a high maximum term of imprisonment if convicted on all counts. Further the defendant, having knowledge that a federal indictment would be issued against him, not only left the country and resided in Mexico, but he also was charged with committing other state law offenses during the time that he was a fugitive from justice under federal law. Thus, the Court finds that the first factor listed under § 3142(g) supports government's request for pretrial detention.

**The Weight of the Evidence Against the Defendant**

The Court finds significant the weight of the evidence against the defendant.  Agent Magalassi testified that he interviewed the manager and all the employees of Circle International, bank personnel and a former girl friend of defendant's in connection to the charges filed herein. Further, a grand jury indictment is sufficient to establish a finding of probable cause under 18 U.S.C. § 3142(e).  United States v. Stricklin, 932 F.2d 1353 at 1355 (10th Cir. 1991).   Thus the Court finds that the second factor under § 3142(g) supports government's request for pretrial detention.

### The History and Characteristics of the Defendant

**Character**:  The defendant's lack of good character is shown by the nature of the charges in the subject indictment: mail fraud, wire fraud, and bank fraud.  Agent Magalassi testified to other contacts which the defendant has had with law enforcement: (1) an arrest on March 13, 1997 in San Marcos, Texas for Obstructing Police and Failure to Identify Fugitive from Justice, (2) a warrant issued on June 30, 1997, from Hayes County, Texas for Possession of a Prohibited Weapon, (3) three warrants, two for failure to appear in felony cases and one outstanding misdemeanor warrant from Cleveland County, Oklahoma, (4) a warrant issued from Bay County, Florida for grand theft, and (5) on December 19, 2000, an arrest warrant at Los Angeles International Airport by the Los Angeles Police Department for outstanding warrants issued out of Florida.

**Physical and Mental Condition**:  The evidence is that the defendant may have been hospitalized for sustaining an injury to his head from being hit several times with a poker cue.  The defense attorney admits that the defendant may be in need of medical attention or psychological treatment. Defendant's potential mental instability supports government's request for pretrial detention.

6

**Family Ties:**  The evidence fails to support a finding that the defendant has strong family ties.  Defendant's father admits to the lack of  knowledge of his son's whereabouts during the past four years he was a fugitive from justice in this case.  Further defendant's father testified to only seeing his son on an occasion in 2002 in New York at the Miss America pageant and in August 2005 when he visited in Mexico after he received the injury to his head .

**Employment**:  There is no showing in the  evidence of steady and regular employment by the defendant.  The evidence is that the defendant has been transient during the past four years and has lived in Mexico and was in Canada at the time of his arrest on the subject indictment on August 4, 2006.

**Length of Residence and Community Ties**:  The defendant's transient character exhibited by his appearance in various geographic locations since 1999, the date of the fire at Circle International, indicates that the defendant does not have strong ties to the Tulsa community.

**Past Conduct:**  The government has established a pattern of defendant's intentional evasion of arrest warrants and failure of court appearances.  The fact that the defendant has been a fugitive from justice for four years after being advised by Agent Magalassi of the pending issuance of an indictment, is clear evidence that the defendant's past conduct supports government's request for pretrial detention.

**Record Concerning Appearance in Court**:  As previously detailed, the defendant's record of outstanding arrest warrants supports  government's motion for pretrial detention.

Accordingly the Court finds and concludes based on a de novo review of the record, that the defendant Robert Middleton Frye is a flight risk and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required under 18 U.S.C. § 3142(e).

IT IS THE ORDER OF THE COURT that the government's motion for revocation of release [Dkt.#11] and appeal [Dkt. #10] is hereby GRANTED.

IT IS THE FURTHER ORDER OF THE COURT that the defendant Robert Middleton Frye shall be detained pending further order of the Court.

IT IS SO ORDERED this 23rd day of August, 2006.


HONORABLE H. DALE COOK
Senior United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

United States of America

Plaintiff

vs.                                                    Case Number: 02-cr-1230HDC

Robert Middleton Frye                                  Date: 9-15-2006
                                Defendant(s)           Court Time: 9:30 a.m.
                                                       Actual Court Time: 8:00 a.m. to 8:00 a.m.

### MINUTE SHEET - CHANGE of PLEA

Frank H. McCarthy, U.S. Magistrate Judge     J. Mayes, Deputy Clerk           C1

Counsel for Plaintiff: Charles McLoughlin

Counsel for Defendant: Stan Monroe, Ret.

Age of Defendant: _____           Interpreter: _____; [] sworn

Defendant appears in person: [X] with Counsel; [] Counsel waived; [] w/o Counsel;          Defendant: [X] Sworn;

Defendant waives: [] Indictment; [X] Jury Trial; [] Speedy Trial; [] 30 Days Preparation; [] Separate Representation;

[X] Waivers approved by Court;

Defendant advised of: [] charge and [] arraigned

Indictment: [] Read [X] Reading waived

[X] Defendant acknowledges receipt of Indictment

[X] Petition to enter plea of Guilty sworn and executed

[X] Defendant enters guilty plea as to Count(s) **30** of the Indictment

[] Defendant enters not guilty plea as to Count(s) ___ of the Indictment [] Schedule to be entered

[] Defendant withdraws not guilty plea(s) as to Count(s) ___ of the Indictment

[X] Remaining Count(s) to be dismissed at sentencing: **1 2 4**

[X] Defendant relates facts of charge

[] Findings re: Plea Agreement made; [] Findings re: Plea Agreement reserved

[X] Defendant adjudged guilty as charged as to Count(s) **30** of the Indictment

[X] Petition [X] and Plea Agreement approved and filed in open Court

[X] SENTENCE SET  12/13/06 _____ at 3:00 p.m.  [X] PSI ordered

[] Defendant allowed to stand on present bond; [] Government stipulates, findings made

[X] Defendant remanded to custody of U.S. Marshal

Additional Minutes: *defendant consents to proceed before U.S. Magistrate;*

_____

_____

**F I L E D**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

SEP 1 5 2006

Phil Lombardi, Clerk
U.S. DISTRICT COURT

United States of America,　　　　　　　）
　　　　　　　　　　Plaintiff,　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　　v.　　　　　　　　　　　　　　）　　　Case No.　02-CR-123-HDC
　　　　　　　　　　　　　　　　　　　）
ROBERT MIDDLETON FRYE,　　　　　　）
　　　　　　　　　　Defendant.　　　　）

### PETITION TO ENTER PLEA OF GUILTY
### AND ORDER ENTERING PLEA
(Federal Rules of Criminal Procedure, Rules 10 and 11)

**The defendant represents to the Court**:

My full true name is:  Robert Middleton Frye.

I am 31 years of age. I have gone to school up to and including 4 years of college.

I request that all proceedings against me be in my true name.
I am represented by an attorney; his name is:  Stanley Monroe

I received a copy of the Indictment before being called upon to plead. I read the Indictment and have discussed it with my attorney. I fully understand every charge made against me.

I told my attorney all the facts and circumstances known to me about the charges made against me in the Indictment. I believe that my attorney is fully informed on all such matters.

My attorney has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case.

### WAIVER OF CONSTITUTIONAL RIGHTS

I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY", I know the Constitution guarantees me (a) the right to a speedy and public trial by a jury; (b) at that trial, and at all stages of the proceedings, the right to the assistance of an attorney; (c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses; (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and (e) the right not to be compelled to incriminate myself by taking the witness stand; and if I do not take the witness stand, no inference of guilt may be drawn from such failure.

In regard to my right to a jury trial, I know that I am the only person that can waive, that is, give up, that right. I also fully understand that if I have trial by a jury, I have the right of the assistance of an attorney; also the right to confront and cross-

CR-05 (8/04)

examine witnesses against me; and the right not to be compelled to incriminate myself.
Furthermore, I understand that to convict me, all twelve (12) jury members would have to
agree that I am "GUILTY".

I know that if I plead "GUILTY" I am thereby waiving my right to a trial, and that
there will be no further trial of any kind, either before a Court or jury; and further, I
realize the Court may impose the same punishment as if I had pleaded "NOT GUILTY",
stood trial, and been convicted by a jury.

I further understand that my waiver of Sixth Amendment rights to a jury is a
waiver of trial by jury in all respects, both as to guilt or innocence and as to sentencing,
and I consent that all matters in these proceedings be determined by the Court in
accordance with Rule 23 of the Federal Rules of Criminal Procedure.

## PLEA OF GUILTY

I know that if I plead "GUILTY" the Court will ask me questions about the
offense(s) to which I have pleaded, and since I will be answering these questions under
oath, on the record, and in the presence of my attorney, that my answers may later be
used against me in a prosecution for perjury or false statement.

I know that the Court must be satisfied that there is a factual basis for a plea of
"GUILTY" before my plea can be accepted. I represent to the Court that I did the
following acts in connection with the charges made against me in the Indictment:

On or about March 24, 1999, in the Northern District of Oklahoma, I deposited

insufficiently funded checks into an account at NationsBank, and wrote check

#1195 in the amount of $7,000.00 against those insufficient funds, intending to

defraud the financial institution. I knew it was against the law for me to commit

these acts, and I am very sorry. *NationsBank was Federally*

*insured by F.D.I.C. at the time of the offense.*

In deciding to enter my plea of guilty I rely upon the following advice from my

attorney: My attorney advised me that such a plea would be in my best interests.

I also inform the Court that I am not relying in entering my pleas of Guilty, on
any representation from my attorney or from the Government or any other source that has
not been revealed to the Court and made a part of this record.

By pleading guilty I understand I waive, that is, give up all pretrial motions, and
cannot assert any such motions before the Court or on appeal after pleading guilty.

I also understand a conditional plea pursuant to Rules of Criminal Procedure,
Rule 11(a)(2) can only be entered WITH THE APPROVAL OF THE COURT and the
GOVERNMENT reserving IN WRITING the right, on appeal from the judgment, to
review of any adverse determination of any pretrial motions. The writing must be
presented in open court and made part of the record.

I know that the Court will not permit anyone to plead "GUILTY" who maintains
he is innocent and, with that in mind, and because I am "GUILTY" and do not believe I

am innocent, I wish to plead "GUILTY" and respectfully request the Court to accept my plea of "GUILTY" and to have the Clerk enter my plea of "GUILTY" as follows:
Guilty to Count 30 of the Indictment.

## MANDATORY MINIMUM SENTENCE

I have been informed and understand a plea of guilty may subject me to a minimum sentence of prison and/or fine.

## MAXIMUM SENTENCE REQUIRED UNDER LAW

My attorney informed me that the plea of "GUILTY" could subject me to a maximum punishment, which, as provided by law, is thirty (30) years imprisonment and/or a fine of $1,000,000. My attorney has further advised me that if the offense(s) to which I plead "GUILTY" occurred on or after January 1, 1985, the maximum fine is the largest of:

(a)     The amount specified in law defining the offense

(b)     Double the gross pecuniary gain derived by a defendant from the offense

(c)     Double the pecuniary loss caused by the offense to another person

|     |     | Individual Defendant | Other Defendant |
|-----|-----|-----------|-----------|
| (d) | Any Felony; Misdemeanor resulting in Death | $250,000 | $500,000 |
|     | Other Misdemeanor punishable by more than six months | 100,000 | 200,000 |

My attorney has also advised me that a Special Monetary Assessment in the amount of $100 will be assessed per count if the offense(s) occurred on or after November 12, 1984.

Further, my attorney has advised me that if the offense(s) to which I plead "GUILTY" occurred after December 31, 1982, and the offense(s) charge violation(s) of any statute found under Title 18 of the United States Code or certain subsections of the Federal Aviation Act (Title 49 U.S.C. 1472), that Title 18 U.S.C. et seq. authorizes a court to sentence a defendant to pay restitution in addition to or in lieu of any other penalty permitted by law, to any victim of the offense(s).

Also, if convicted of certain drug offense(s) under Title 21, an additional term of years Special Parole/Supervised Release must be imposed.

## PLEA AGREEMENT

My plea of "GUILTY" is the result of a plea agreement entered into between the government attorney, my attorney, and me.

Since my plea of "GUILTY" is the result of a plea agreement, I hereby state that the terms of said agreement are as follows: See attached

3                                                                    CR-05 (8/04)

I fully understand that the Court is not bound by the terms of the plea agreement, and may accept or reject said agreement. If the Court rejects the agreement, I also understand the Court will give me the opportunity to withdraw my plea of "GUILTY".

I believe that my attorney has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME.

## STATE OF MIND

My mind is clear. I am not under the influence of alcohol or drugs, and I am not under a doctor's care. The only drugs, medicine or pills that I took within the past seven (7) days are: tegretol.

I have never been confined in any institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. No psychiatrist, physician or psychologist has ever found me to be mentally ill. I know of no reason why my mental competence at the time of the commission of the alleged offenses, or at the present time, should be questioned. (If there are any exceptions to the above statement, explain here.)

I sustained a serious head injury in the summer months of 2005, requiring hospitalization. I have been prescribed medication, which helps me think more clearly.

I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of "GUILTY" is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment/Information and in this petition, and in the certificate of my attorney which is attached to this petition.

## SENTENCING

I have been advised by counsel that I will be sentenced pursuant to the sentencing guidelines procedure established by Title 18 U.S.C. §3553, et seq, subject to recent Supreme Court decisions. I understand that sentencing is a matter left exclusively in the province of the Court; and I understand that the sentence imposed by the Court may be within the guideline table range provided by law, or for good cause stated the Court may depart therefrom after a review of all relevant facts and circumstances of my case have been considered by the Court.

I further understand the Court may impose a term of Supervised Release that will run after any term of confinement that might be imposed.

Further, I understand that probation is not available as a sentencing alternative to the Court in most cases under the sentencing guidelines, and that whenever probation is

CR-05 (8/04)

permissible under the sentencing guidelines it is exclusively within the Court's province to grant or deny probation.

If I am on probation or parole in this or any other Court, I know that by pleading "GUILTY" here, my probation or parole may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this case.

I declare that no officer or agent of any branch of government (Federal, State, or local) has promised, suggested or predicted that I will receive a lighter sentence, or probation, or any other form of lenience if I plead "GUILTY", except as follows:
None.
(Here insert any promises or concessions made to the defendant or to his attorney. If the plea of "GUILTY" is the result of a plea agreement, refer to paragraph _____ of this petition.)

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I hope to receive lenience, but I am prepared to accept any punishment permitted by law, which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of "GUILTY".

I have been advised and do understand that I have the right of appeal of any sentence imposed by the Court to the 10th Circuit Court of Appeals. Also, that any appeal must be filed no more than 10 days from date of sentence.

I waive the reading of the Indictment in open Court, and I request the Court to enter my plea of "GUILTY" as set forth in this petition.

I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and Sworn to by me in open Court, in the presence of my attorney, this 15th day of September, 2006.

_____
Defendant

Subscribed and Sworn to before me this 15th day of September, 2006.

_____
Deputy Clerk

5                                                    CR-05 (8/04)

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for the defendant, Robert Middleton Frye, hereby certifies:

(1)     I have read and fully explained to the defendant the allegations contained in the Indictment* in this case.

(2)     To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

I have further explained to my client the provisions of guideline sentencing as established by Title 18 U.S.C. 3553, et seq. Although I have discussed with my client the maximum sentence imposed for the offense for which he is charged, I have not promised, suggested or predicted a possible sentence. I have specifically advised my client that sentencing is left solely within the province of the Court.

My client fully understands that for good cause shown, the Court may depart from the guideline table range and further that probation is not available as a sentencing alternative in most cases under guideline sentencing. Also, my client fully understands that whenever probation is a permissible sentencing alternative, it is exclusively within the Court's discretion to grant or deny probation.

(3)     The plea of "GUILTY" offered by the defendant accords with my understanding of the facts he related to me and is consistent with my advice to the defendant.

(4)     In my opinion, the defendant's waiver of reading of the Indictment in open Court as provided in Rule 10 is voluntarily and understandingly made, and I recommend to the Court that the waiver be accepted by the Court.

(5)     In my opinion, the plea of "GUILTY" offered by the defendant of the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "GUILTY".

(6)     I have made no predictions or promises to the defendant concerning any sentence the Court may award, except as noted in the space below: None

(7)     I further represent to the Court that the defendant's plea of "GUILTY" is the result of a plea agreement. The terms of the agreement are set out in the petition, and I have informed the defendant that the Court is not bound by the terms of the agreement, and that if the Court rejects the agreement, the Court will give him the opportunity to withdraw his plea of "GUILTY".

Signed by me in open Court in the presence of the defendant above named and after full discussion of the contents of this certificate with the defendant, this 15th day of September, 2006.

Attorney for the Defendant

6                                                                                    CR-05 (8/04)

## ORDER

I find that the plea of "GUILTY" was made by the defendant freely, voluntarily, and because he is "GUILTY" as charged, and not out of ignorance, fear, inadvertence or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime charged and that there is a factual basis for the plea of "GUILTY" and that the defendant is mentally competent.

IT IS THEREFORE ORDERED that the defendant's plea of "GUILTY" be accepted and entered as prayed for in the petition and as recommended in the certificate of his attorney.

Done in open Court this _15th_ day of September, 2006.

Frank H. McCarthy
UNITED STATES MAGISTRATE JUDGE

7                                                                    CR-05 (8/04)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**   **FILED**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-CR-123-C |
| | ) | |
| | ) | |
| ROBERT MIDDLETON FRYE, | ) | |
| | ) | |
| Defendant. | ) | |

SEP 1 5 2006

Phil Lombardi, Clerk
U.S. DISTRICT COURT

## PLEA AGREEMENT

The United States of America, by and through David E. O'Meilia, United States

Attorney for the Northern District of Oklahoma, and Charles M. McLoughlin, Assistant

United States Attorney, and the defendant, Robert Middleton Frye, in person and through

counsel, Stanley D. Monroe, respectfully inform the Court that they have reached the

following Plea Agreement.

### 1.   Plea

The defendant agrees to enter a voluntary plea of guilty to the following:

### Count 30:  Bank Fraud (18 U.S.C. § 1344(1))

as set forth in the Indictment in Case No. 02-CR-123-C, Northern District of Oklahoma, and

admits to being in fact guilty as charged in the count to which the defendant is pleading

guilty.

Defendant's Initials

## 2. **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights

will be relinquished:

        a.     the right to be indicted if proceeding by Information;

        b.     the right to plead not guilty;

        c.     the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

        d.     at trial, the right to an attorney, and if defendant could not afford an attorney, the right to have the Court appoint one to represent the defendant;

        e.     the right to assist in the selection of the jury;

        f.     during trial, the right to be presumed innocent, and the right to have the jury instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

        g.     the right to confront and cross-examine witnesses against the defendant;

        h.     if desired, the right to testify on the defendant's own behalf and present witnesses in the defendant's defense;

        I.     if the defendant did not wish to testify, the right to have that fact not used against the defendant, and the right to have the jury so instructed;

        k.     if the defendant were found guilty after a trial, the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges; and

        l.     at trial, the right to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence.

-2-

Defendant's Initials

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty,

the defendant understands that the defendant may have to answer questions posed to

defendant by the Court, both about the rights that the defendant will be giving up and the

factual basis for the defendant's plea.

## 3. **Appellate and Post-Conviction Matters**

In consideration of the promises and concessions made by the United States in this

Plea Agreement, the defendant knowingly and voluntarily agrees to the following terms:

(1) The defendant waives the right to directly appeal the conviction
pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a);

(2) The defendant reserves the right to directly appeal the sentence
pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a);

(3) The defendant expressly acknowledges and agrees that the United States
reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. §
3742(b), and *U.S. v. Booker*, 125 S. Ct. 738 (2005);

(4) The defendant waives the right to collaterally attack the conviction and
sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective
assistance of counsel which challenge the validity of the guilty plea ro this waiver;
and

(5) The defendant waives the right to have the sentence modified pursuant
to U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government.

The defendant expressly acknowledges that counsel has explained his appellate and post-

conviction rights, that defendant understands his rights and that defendant knowingly and

-3-

Defendant's Initials

voluntarily waives those rights as set forth above.

**Robert Middleton Frye**

## 4.     **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to

request or to receive from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case including, without limitation, any

records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act of 1974, 5 U.S.C. § 552a.

## 5.     **Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all of the rights afforded defendant

pursuant to the provisions of Fed. R. Crim. P. 11(f).  In other words, after entry of a plea

made pursuant to this plea agreement, and in consideration thereof, the following shall be

admissible against the defendant:

    a.     A plea of guilty which is later withdrawn or which the defendant seeks
to withdraw;

    b.     Any statement made in the course of any proceeding under Rule 11
regarding said plea of guilty; and

    c.     Any statement made in the course of plea discussions with an attorney
or agent for the government, or which were made pursuant to a proffer letter
agreement, which result in a plea of guilty later withdrawn.

                                        -4-                              Defendant's Initials

## 6. **Waiver of Right to Jury Trial on Sentencing Factors**

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines, to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offense authorizes the Court to impose any sentence that is authorized by the Sentencing Guidelines up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

## 7. **Payment of Monetary Penalties**

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath,

-5-

Defendant's Initials

not later than two weeks after the date of this plea agreement. The defendant understands

that, by law, interest accrues on any remaining balance of the debt.

## 8. Restitution for Offense of Conviction

The defendant understands that the Court can order the defendant to pay restitution

for the full loss caused by defendant's conduct set forth above. The defendant agrees to the

entry of a Restitution Order for the full amount of the victim's losses. At this time, the

Government is aware that the following victim has suffered the following losses:

Bank of America                                $7,000.00
6701 South Memorial Drive
Tulsa, OK 74133

The defendant understands that if the offense of conviction occurred after April 24, 1996,

restitution is mandatory without regard to the defendant's ability to pay.

## 9. Restitution for Other Offenses

The defendant agrees the Court's consideration of the amount of restitution shall **NOT**

be limited to the amounts alleged in the count to which the defendant is pleading guilty, and

may include all relevant conduct as well as any stipulated amounts as set forth below

pursuant to 18 U. S. C. § 3663. Therefore, the defendant also agrees that restitution is due

to the following victims of an offense listed in 18 U.S.C. § 3663A(c)(1)(A) that is not the

offense of conviction but nonetheless gave rise to this plea agreement.

-6-


Defendant's Initials

Bank of America                      $6,500.00
6701 South Memorial Drive
Tulsa OK 74133


Circle International, Inc.           $47,043.50
200 Towsend Street
San Francisco CA 94107

### 10.    Restitution Not Dischargeable in Bankruptcy

The defendant further agrees that any amount ordered by the Court to be paid as

restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

### 11.    Special Assessment

The defendant hereby agrees to pay the total amount required for the Special Monetary

Assessment ($100 per felony count) to the United States District Court Clerk before the time

of the sentencing hearing or as directed by the District Court.

### 12.    Factual Basis and Elements

The elements that the United States must prove beyond a reasonable doubt in order

to convict under 18 U.S.C. § 1344(1) are as follows:

> a.    The defendant knowingly executed or attempted to execute a scheme to defraud;

> b.    The defendant did so with the intent to defraud a financial institution;

> c.    The financial institution was then federally insured.

*United States v. Akers*, 215 F.3d 1089, 1100 (10th Cir. 2000).

-7-

Defendant's Initials

In regard to the factual basis required by Fed. R. Crim. P. 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, Robert Middleton Frye, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crime alleged in Count 30 in Case No. 02-CR-123-C, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

> I, Robert Middleton Frye, admit that I committed the acts stated
> in Attachment A to this Plea Agreement.

Robert Middleton Frye
Defendant

9-13-06
Date

## 13. **Further Prosecution**

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this Agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth in ¶ 18 of this agreement, and that the United States Attorney's Office for the Northern District of

-8-

Defendant's Initials

Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this Agreement.

### 14.   Dismissal of Remaining Counts

If the Court finds the defendant's plea of guilty to be freely and voluntarily made and accepts the plea, then the United States will move, at the appropriate time, to dismiss the remaining counts in Case No. 02-CR-123-C, if any, as to this defendant.

**If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter. In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.**

### 15.   Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor. The sentencing judge is in a unique position to evaluate the

-9-

Defendant's Initials

acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

### 16. Sentence

#### a. Imprisonment

The defendant acknowledges that, under 18 U.S.C. § 1344(1), the maximum statutory sentence is 30 years imprisonment and a fine of not more than $1,000,000 or twice the pecuniary gain/loss caused by the defendant's acts.

#### b. Supervised Release

Additionally, the defendant acknowledges that, if imprisonment is imposed, the Court may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed 5 years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, if the crime of conviction occurred after September 13, 1994, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon

-10-

Defendant's Initials

revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

### c.    **Sentencing Guidelines**

The defendant acknowledges that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory. The District Courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. §§ 3553(a).

The sentence imposed in federal court is without parole. The defendant acknowledges that the sentence has not yet been determined by the Court, that any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant understands that all recommendations or requests by the United States pursuant to this Agreement are not binding upon the Court.

-11-

Defendant's Initials

If the sentencing Court should impose any sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw defendant's guilty plea, but will remain bound to fulfill all of defendant's obligations under this Agreement.

Nothing in this Plea Agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The United States reserves its full opportunity to speak pursuant to Fed. R. Crim. P. 32(i)(4)(A)(iii).

The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge, and that the sentencing judge is not bound by the following stipulations. The United States cannot and does not make any promise or representation as to what sentence the defendant will receive.

17. **Stipulations**

The defendant and the United States agree and stipulate to the following facts:

    a.    For the purposes of U.S.S.G. § 2B1.1(b)(1), the amount of "loss" exceeded $30,000 and was less than $70,000 (approximately $60,543.50).

It is understood that neither the Court nor the United States Probation Office is bound by the foregoing stipulation, either as to questions of fact or as to determination of the correct advisory sentencing guideline calculation.

-12-

Defendant's Initials

Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

### 18.   <u>Limitations</u>

This Plea Agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

### 19.   <u>Breach of Agreement</u>

In the event either party believes the other has failed to fulfill any obligations under this Agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this Agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby **WAIVES** any right under Fed. R. Crim. P.11(d) and (e) to withdraw from defendant's plea and this

-13-

Defendant's Initials

Agreement, save and except under circumstances where the Court rejects the Plea Agreement under Rule 11(c)(5) and except for the limited reasons outlined above in this paragraph.

In the event that Robert Middleton Frye, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the Agreement but will no longer be bound by any particular provision in this Agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

## 20. **Entire Agreement**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all of the parties.

-14-

Defendant's Initials

SO AGREED:

DAVID E. O'MEILIA
UNITED STATES ATTORNEY

_____    September 14, 2006
Charles M. McLoughlin, OBA#6052    _____
Assistant United States Attorney    Dated


_____    9/14/06
Stanley D. Monroe, OBA#6305    _____
Attorney for Defendant    Dated


_____    9-13-06
Robert Middleton Frye    _____
Defendant    Dated


-15-

I have read this Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Robert Middleton Frye
Defendant

9-13-06
Dated

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Stanley D. Monroe, OBA#6305
Counsel for the Defendant

9/14/06
Dated

-16-

ATTACHMENT "A"

I, Robert Middleton Frye, admit that during September 1998, while employed at Circle International, ("Circle") a business devoted to shipping and storing ocean, air and land freight located at 1817 North 106th East Avenue, Tulsa, Oklahoma within the Northern District of Oklahoma, that I conceived of a plan to embezzle funds from my employer in order to fund two investment accounts that I had opened in September 1998: Web Street Securities and through Ameritrade, The Reserve Funds.

On September 17, 1998, using my position at Circle, I created a fictitious vendor account in the records of Circle International, Mid American Transport ("MAT"). MAT was supposedly hauling goods for Circle. In reality, MAT did not exist except as a vehicle for the diversion of funds from Circle into a bank account I had established and controlled.

Also on September 17, 1998, I opened an account for the fictitious hauling company, MAT, to receive mail at what was then the Mailboxes Etc. Store located at 8210 East 71st Street, Tulsa, Oklahoma.

On September 21, 1998, I opened a business checking account at the Woodland Hills branch of Nations Banks N.A., now known as Bank of America, 6701 South Memorial Drive, Tulsa, Oklahoma, within the Northern District of Oklahoma. The deposits of Nations Bank, N.A. were insured by the Federal Deposit Insurance Corporation and Nations Bank

-17-

was chartered by the federal Office of the Comptroller of the Currency as a national bank from September 1998 through March 1999.

Between September 1, 1998, and March 31, 1999, using my position at Circle, I created numerous false invoices on behalf of MAT indicating MAT had provided hauling services for Circle. These false invoices, which I had created, were electronically transmitted from Circle's Tulsa office through its offices in Dallas, Texas to its financial headquarters at 200 Towsend Street, San Francisco, California 94107. Once received by Circle's accounts payable department in San Francisco, the false invoices I had transmitted caused the accounts payable department to generate checks drawn on Circle's bank account made payable to Mid America Transport. These checks were in payment for the supposed services that MAT had provided to Circle. My transmission of the fraudulent invoices caused Circle to prepare checks listed below in the following amounts all payable to Mid America Transport and caused Circle to deposit the checks with the United States Postal Service for delivery to Mid America Transport, 8210 East 71st Street, Suite 105, Tulsa, Oklahoma 74133:

| DATE MAILED | ITEM DELIVERED |
|---|---|
| Between 9-28-98 and 10-02-98 | Check #0000371988 to Mid American Transport in the amount of $7,353.00 |
| Between 10-01-98 and 10-08-98 | Check #0000373037 to Mid American Transport in the amount of $6,435.00 |
| Between 12-07-98 and 12-16-98 | Check #0000406633 to Mid American Transport in the amount of $3,662.00 |
| Between 12-28-98 and 01-04-99 | Check #0000411527 to Mid American Transport in the amount of $3,446.01 |

-18-

| Between 12-31-98 and 01-12-99 | Check #0000412521 to Mid American Transport in the amount of $350.00 |
| Between 01-19-99 and 01-26-99 | Check #0000417110 to Mid American Transport in the amount of $6,025.30 |
| Between 02-08-99 and 02-16-99 | Check #0000422179 to Mid American Transport in the amount of $2,225.12 |
| Between 02-16-99 and 02-23-99 | Check #0000423985 to Mid American Transport in the amount of $3,860.47 |
| Between 02-18-99 and 03-05-99 | Check #0000424761 to Mid American Transport in the amount of $200.00 |
| Between 03-04-99 and 03-12-99 | Check #0000427840 to Mid American Transport in the amount of $9,886.60 |

I received each of the fraudulently obtained checks as set out above, as well as others. Beginning on September 22, 1998, I then deposited them in the Robert M. Frye d/b/a Mid America Transport bank account at Nations Bank that I had opened for that very purpose.

On September 24, 1998, I wrote a check on the Robert M. Frye d/b/a MAT bank account to open my trading account at Ameritrade. On October 13 and 21, 1998, I wire transferred funds from the MAP Nations Bank Account to my Web Street Securities account. This pattern continued with each fraudulently obtained Circle payment check to MAT. These fraudulently obtained funds were either deposited into one of my two trading accounts or used to pay for my personal expenses.

Beginning on or about March 20, 1999, I began depositing into the Robert M. Frye d/b/a MAT Nations Bank account the following checks drawn on my trading account at "The Reserve Funds" that were payable through Chase Bank, 11 West 51st Street, New York City,

-19-

New York. I knew at the time I deposited these checks that my "The Reserve Funds"

account had insufficient funds to pay any of these checks which I deposited.

| DATE DEPOSITED | CHECK NO. | AMOUNT |
|---|---|---|
| 03-22-99 | #108 | $2,900.00 |
| 03-22-99 | #109 | $3,100.00 |
| 03-23-99 | #110 | $5,300.00 |
| 03-24-99 | #111 | $5,500.00 |

After depositing the insufficiently funded checks drawn on my "The Reserve Funds"

account, knowing that those fraudulent deposits had artificially inflated the account balance

of the MAT Nations Bank account, I nevertheless made the following withdrawals of funds

from the artificially inflated balance of the MAT bank account by presenting the following

checks drawn on the MAT account to Nations Bank to have the bank pay over cash:

| DATE PRESENTED | CHECK NUMBER | CHECK AMOUNT |
|---|---|---|
| 03-23-99 | #1193 | $6,500.00 |
| 03-24-99 | #1195 | $7,000.00 |

I knew at the time I deposited the insufficiently funded checks drawn on "The Reserve

Funds" and at the time I presented for cash the two checks drawn on the MAP account that

-20-

what I was doing was wrong, was a violation of federal law, and was aimed at defrauding

Nations Bank N.A.

_____    _____

Robert Middleton Frye                Dated
Defendant

_____    _____

Stanley D. Monroe, OBA#6305        Dated
Counsel for the Defendant

-21-

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | Case No. 02-cr-123-HDC |
| | ) | |
| Robert Middleton Frye, | ) | |
| Defendant(s). | ) | |

### CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE
### FOR A CHANGE OF PLEA IN A FELONY CASE

A United States Magistrate Judge has explained to me the nature of the offense(s) with which I am charged, including the maximum possible penalties which might be imposed if I am found guilty. A Magistrate Judge has also informed me of my right to the assistance of legal counsel. A Magistrate Judge has further informed me of my right to trial, judgment, and sentencing before a United States District Judge.

**I hereby waive (give up) my right to trial before a United States District Judge, and consent to a change of plea before a United States Magistrate Judge. I understand that I will be sentenced by a United States District Judge.**

_____
Robert Middleton Frye, Defendant

_____
Counsel for Defendant

Date: 9-15-2006

_____
Frank H. McCarthy, U.S. Magistrate Judge

CR-17 (9/04)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

United States of America

Plaintiff

vs.                                          Case Number: 02-cr-123-HDC

Robert Middleton Frye

Defendant(s)

## WAIVER OF JURY

COMES NOW the undersigned defendant, and having been fully apprised of my rights, do hereby WAIVE my SIXTH AMENDMENT RIGHTS to a jury IN ALL RESPECTS both as to guilt or innocence and as to sentencing.

Accordingly, I hereby CONSENT that all matters in the above styled and numbered criminal proceedings be determined by the Court in accordance with Rule 23, Federal Rules of Criminal Procedure.

_____
Robert Middleton Frye, Defendant

_____
Counsel for Defendant

CONSENT OF GOVERNMENT:

_____
Assistant United States Attorney

Signed and approved in open court this _____ day of _____, 20____.

_____
Frank H. McCarthy, U.S. Magistrate Judge

Waiver of Jury                                                          CR-10 (8/04)